UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

IN RE:                          )
                                )
                                )
Tamika Wright Sudderth,         )    Case No. 06-10660
                                )
     Debtor.                    )
                                )
                                )

## MEMORANDUM OPINION

This case came before the court on November 7, 2006, for hearing upon a motion to dismiss case filed by J.M. Smith Corporation ("Smith"). Robert K. Imperial appeared on behalf of Smith and Jennifer F. Adams appeared on behalf of the Debtor.

The motion seeks dismissal of this case pursuant to sections 707(a) and 707(b) of the Bankruptcy Code. Each of these sections will be considered in turn, with section 707(b) receiving the court's attention first.

I.   Section 707(b)

Under the current version of section 707(b) "the court . . . may dismiss a case filed by an individual debtor under [chapter 7] whose debts are primarily consumer debts . . . if it finds that the granting of relief would be an abuse of the provisions of [chapter 7]."  Both the current version and previous version of section 707(b) limit the applicability of section 707(b) to individual Chapter 7 debtors whose debts are primarily consumer debts.  Thus, it is a prerequisite that the debts in a Chapter 7 case be "primarily consumer debts" before dismissal can occur

pursuant to section 707(b). See In re Booth, 858 F.2d 1051, 1055 (5th Cir. 1988) ("[S]ection 707(b) only applies in a Chapter 7 proceeding in which the debts are 'primarily' consumer debts. Even if the filing of the petition is in fact a substantial abuse, a case may not be dismissed under this provision unless this prerequisite is satisfied."). Because the evidence presented in this case was insufficient to show that the debts in this case are primarily consumer debts, the court must deny the portion of the motion relying on section 707(b).

Under section 101(8) of the Bankruptcy Code, a consumer debt is defined as a debt "incurred by an individual primarily for a personal, family, or household purpose." In determining whether debt is for a "personal, family, or household purpose" under section 101(8), courts look to the purpose for which the debt was incurred. See In re Kelly, 841 F.2d 908, 913 (9th Cir. 1988). Debt incurred "for a business venture or with a profit motive does not fall into the category of debt incurred for 'personal, family, or household purposes. . . .'" In re Runski, 102 F.3d 744, 747 (4th Cir. 1996). Applying this test in Runski, the court held that debt incurred by an individual to purchase medical and office equipment for use in the debtor's chiropractic practice was not consumer debt because such debt was incurred with a profit motive, i.e., to earn a living. Id. at 747. In accord In re Ketsell, 99 F.3d 146, 149 (4th Cir. 1996); In re Jones, 114 B.R. 917 (Bankr. N.D. Ohio 1990);

In re Goulding, 79 B.R. 874 (Bankr. W.D. Mo. 1987); In re Frish, 76 B.R. 801 (Bankr. D. Colo. 1987); In re Restea, 76 B.R. 728 (Bankr. D.S.D. 1987); In re Bell, 65 B.R. 575 (Bankr. E.D. Mich. 1986); In re Almendinger, 56 B.R. 97 (Bankr. N.D. Ohio 1985).

In the present case, over 70% of the total debt listed in the schedules is debt arising out of a failed business in which the Debtor was a principal. This court agrees with the courts who have concluded that the ratio of the dollar amount of consumer debt to non-consumer debt should be controlling in determining whether the indebtedness is primarily consumer debt for purposes of section 707(b). See In re Stewart, 175 F.3d 796 (10th Cir. 1999); In re Booth, 858 F.2d 1051 (5th Cir. 1988); In re Kelly, 841 F.2d 908 (9th Cir. 1988). Here, the Debtor operated a business named Wright's Pharmacy up until approximately six months before filing her petition. Of the forty-two unsecured creditors listed on the Debtor's Schedule F, thirty of them are business creditors. Those thirty creditors have claims totaling $408,611.96, out of a total of $440,480.70 unsecured debt. Even if the Debtor's secured indebtedness of $130,839.00 is regarded as consumer debt, the Debtor's debts still are primarily business debts. Accordingly, section 707(b) does not apply to this Debtor.

II. Section 707(a)

Smith argues that lack of good faith in filing a Chapter 7 petition is a grounds for dismissal and that this case should be

dismissed because of a lack of good faith on the part of the Debtor.

There is widespread debate on the subject of whether there is a good-faith filing requirement in Chapter 7 cases and whether the absence of good faith is a ground for dismissal of a Chapter 7 case. See In re Padilla, 222 F.3d 1184, 1191 (9th Cir. 2000) (collecting cases).[1] Without weighing in on this debate, the court is satisfied that the record in this case does not reflect a lack

---

[1] This debate raged before the 2005 amendments to the Bankruptcy Code, which, as one noted treatise has observed, may have resolved the issue entirely:

> Those amendments added section 707(b)(3), which provides that bad faith is to be considered in deciding whether to dismiss a case under section 707(b), rather than section 707(a). By placing the bad faith language in section 707(b), Congress afforded protection to lower income debtors against abusive bad faith dismissal motions by creditors which they might not be able to defend due to lack of financial resources; a section 707(b) motion may be brought only by the court or the United States trustee if the debtor's current monthly income is below the applicable state median income level.
> Similarly, to the extent that the moving party raises the debtor's ability to pay debts or abuse of the Bankruptcy Code, permitting a motion under section 707(a) undercuts the intention of Congress that such issues be handled under 707(b) in which a statutorily prescribed means test is to be used, and which is limited to debtors with current monthly income above the applicable state median family income level. That the debtor is merely taking advantage of its legal rights is not, by itself, sufficient to support a finding of bad faith. A section 707(a) dismissal is not available merely because the debtor could repay some or all of the debts. Similarly, section 707(a) should not be the remedy for malfeasance that is specifically addressed by other Code sections, such as those providing for exceptions to discharge.

6 Collier on Bankruptcy, ¶ 707.03[2] (15th ed. Rev. 2006)

of good faith on the part of the Debtor under the cases that recognize such a requirement in Chapter 7 cases.

Under the cases concluding that there is a good-faith requirement in Chapter 7 cases, the lack of good faith dismissal doctrine is a narrow one reserved only for those egregious cases that involve concealed or misrepresented assets and/or sources of income, lavish lifestyles and intention to avoid a large single indebtedness resulting from conduct akin to fraud, misconduct or gross negligence in which it can be said that the debtor has abused the provisions, purpose or spirit of bankruptcy law. See *In re Tamecki*, 229 F.3d 205 (3rd Cir. 2000); *In re Zick*, 931 F.2d 1124 (6th Cir. 1991); *In re Glunk*, 342 B.R. 717 (Bankr. E.D. Pa. 2006). The present case is not such a case.

While the facts here do involve a single debt owed to Smith that tends to dwarf the others owed by the Debtor, there are no indicia of fraud, misconduct or gross negligence related to such indebtedness. To the contrary, the Smith indebtedness was incurred in the ordinary course of Debtor's business prior to the flood that caused the business to fail. Nor was there any showing of misconduct regarding the Smith indebtedness and collateral following the flood since the evidence reflected that the Debtor complied with Smith's requests regarding the return of the drug inventory that constituted Smith's collateral and the insurance proceeds that were paid to other creditors were not part of Smith's

collateral. Likewise, this is not a case involving any concealment or misrepresentation regarding the Debtor's assets or income. The Debtor fully disclosed that she secured a job as a pharmacist following the failure of her business as well as the salary that she is receiving from that job. Although her salary is substantial, the Debtor provides the primary support for her family of three and is able to provide a comfortable but not lavish lifestyle for herself and her family. Smith correctly points out that with her new salary the Debtor does have some ability to repay her debts. However, under the circumstances of this case involving no other factors indicative of a lack of good faith, Debtor's ability to pay a portion of her debts over time standing alone is insufficient to support a finding of lack of good faith. See In re Glunk, 342 B.R. at 735 ("dismissal based on a debtor's ability to pay should be disfavored given the detailed, explicit standards for dismissal that Congress has established in § 707(b)").

Debtor is before this court as a result of a business failure that resulted from a catastrophe over which she had no control and which in no way was her fault. The financial consequences were dire and resulted in the failure of her business. Debtor's resort to Chapter 7 in order to obtain a fresh start under these and the other circumstances of this case does not reflect a lack of good faith nor involve an abuse of the provisions, purpose or spirit of bankruptcy law.

This memorandum opinion constitutes the court's findings of fact and conclusions of law. A separate order denying the motion to dismiss will be entered pursuant to Fed. R. Bankr. P. 9021. This 9th day of January, 2007.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST

Jennifer F. Adams, Esq.
P.O. Box 20570
Greensboro, NC 27420-0570

Robert K. Imperial, Esq.
3200 Beechleaf Court, Suite 500
Raleigh, NC 27604-4000

Tamika Wright Sudderth
4294 Pleasant Valley Road
Greensboro, NC 27406

William P. Miller, Trustee

Michael D. West, Bankruptcy Administrator